*IN THE UNITED STATES COURT OF FEDERAL CLAIMS*

**CHRISTOPHER HARKINS, et al,**

    *Plaintiffs,*

        v.

**THE UNITED STATES,**

    *Defendant.*

Case No. 1:23-cv-1238

Hon. Armando Bonilla

## JOINT STATUS REPORT

Per the Court's January 23, 2025 opinion and order, ECF 36 ("January 23 Order"), the January 30, 2025 telephonic hearing ("January 30 Hearing") on Defendant's January 29, 2025 motion for stay, ECF 40, and the January 30, 2025 order denying Defendant's motion for stay that followed, ECF 42, the Parties submit this Joint Status Report. Specifically, the Court ordered the parties to file, by February 13, 2025, a joint status report proposing a schedule for continued proceedings in this case, including addressing the issue of class certification and any proposed remand proceedings. In addition, at the Court's January 30, 2025 status conference, the Court instructed the Coast Guard to identify the "universe of current or former Coast Guardsmen", Jan. 30 Hearing Tr. 14:16-17, who may have a claim for relief and who should be provided notice, and for the parties to craft an appropriate notice consistent with the Court's guidance.

**Defendant's Position:**

Pursuant to the Court's instructions, the Coast Guard has identified the relevant individuals fitting within several categories. The Coast Guard has identified 1,351 individuals who submitted a religious accommodation request that was not granted. Of those 1,351 individuals, 173 individuals were granted an administrative exemption to the

1

vaccination requirement. Of the remaining 1,178 individuals who did not have an exemption to the vaccination requirement granted, 274 individuals were removed from service (voluntarily or involuntarily) as a result of their vaccination status. Finally, the remaining 904 individuals remained in service despite having received no exemption to the vaccination requirement.

Based on the above, the Coast Guard agrees to send a notice to the 274 individuals removed from service that may be entitled to relief from the Coast Guard pursuant to the Court's January 23, 2025 opinion and order. Although plaintiffs' proposed class potentially includes members who were not separated from service, we do not believe a broader notice should be provided at this juncture. Any broader notice would include all 1,178 individuals who did not receive an exemption to the vaccination requirement. In all likelihood, such a broad notice would be vastly over-inclusive and run afoul of the Court's instructions not to give members false hope. In order for the Coast Guard to narrow down the 1,178 individuals any further, the Coast Guard would have to, at a minimum, parse through the individual records of the 904 individuals who remained in service despite having received no exemption to the vaccination requirement to determine whether any potential pay claim existed. Because of the individualized nature of these claims, we believe a class is unlikely to be certified, and in any event, has not been certified yet. Finally, we note that the list of 274 individuals is itself over-inclusive. The list includes individuals, such as Mr. Gutierrez and Mr. Musgrave, who did not object to being discharged from the Coast Guard and are thus not entitled to any legal redress from the Court.

In terms of the proposed notice, we propose that the Coast Guard send the following notice to the 274 individuals within 28 days of the Court issuing a remand order:

### *Notice ICO HARKINS v. USA, 23-cv-1238*

The Coast Guard has identified you as being potentially affected by the Court's ruling in *Harkins v. United States*, 23-cv-1238, (Fed. Cl. Jan. 23, 2025). A copy of the decision is attached to this notice.

You are receiving this notice because Coast Guard records indicate that you submitted a religious accommodation request to the COVID-19 vaccination mandate that was not granted and that you were subsequently discharged as a result of your vaccination status.

Pursuant to the Court's decision in *Harkins*, the Coast Guard has agreed that, upon your request, the Coast Guard will reconsider your religious accommodation request, confirm that any of your records documenting failure to comply with the vaccination mandate are removed your records, and provide any other relief that is appropriate.

**Submitting a request to the Coast Guard *does not necessarily* entitle you to compensation or any other relief other than reconsideration of your religious accommodation request and confirmation that your records do not document a failure to comply with the vaccination mandate.**

IF YOU HAVE QUESTIONS, PLEASE DO NOT CONTACT THE COURT.

Should you desire to request the Coast Guard to take the action described above, you may submit a request at [DESIGNATED COAST GUARD EMAIL ADDRESS]. Should you have any questions, you are welcome to consult with an attorney, including the attorneys who filed this case (https://militarybackpay.com/).

As for remand instructions, we propose the Court issue the following remand instructions:

1. This case is remanded to the Coast Guard for a period of 90 days.

2. The Coast Guard shall reconsider the religious accommodation requests submitted by Mr. Byrd, Mr. Harkins, Mr. Nolan, and Mr. Powers in

accordance with this Court's January 23, 2025 opinion and order. Specifically, the Coast Guard must consider the religious accommodation requests in light of the requirement under the Religious Freedom Restoration Act to employ the least restrictive means in furthering a compelling government interest at the expense of Coast Guardsmen's religious freedom.

    a. Should the Coast Guard determine that any of the religious accommodation requests should have been granted, the Coast Guard shall correct that individual's records accordingly and afford all relief that the individual is entitled to based on the corrected records.

    b. Should the Coast Guard determine that any of the religious accommodation requests should have been denied, the Coast Guard shall consider whether the individual was, at the time of separation, entitled to a discharge board, a reenlistment board, separation pay, pre-separation medical treatment, and any reenlistment bonus. Should the Coast Guard determine that any individual was entitled to any of the aforementioned procedural protections, the Coast Guard shall correct the individual's records accordingly and afford all relief that the individual is entitled to based on the corrected records.

3. Although the Coast Guard indicates that it previously ordered the removal of all CG-3307 Administrative Remarks Entries documenting failure to comply with the COVID-19 vaccine mandate by March 31, 2023, the Coast Guard shall, within 30 days, confirm that all negative CG 3307s documenting violations of the UCMJ for failing to comply with the

vaccination mandate are expunged from each plaintiff's records, along with any other records documenting failure to comply with the vaccination mandate. Within 60 days, plaintiffs must alert the Coast Guard to any remaining records documenting violations of the UCMJ for failing to comply with the vaccination mandate that the Coast Guard may have overlooked. To the extent any such records exist, the Coast Guard must correct such records by the conclusion of the remand period.

Finally, in light of the notice that will be voluntarily provided by the Coast Guard, we respectfully request that any class certification briefing be delayed until after completion of the remand. To the extent any issues remain or plaintiffs believe class certification is still necessary following the remand, the parties can address those issues then. In the meantime, a substantial portion of any putative class will be notified of their potential right to relief, obviating the need for class certification briefing at this time.

**Plaintiffs' Position:**

### Plaintiffs' Proposed Class Definition For the Purpose of Notice

At the January 30 Hearing, this Court directed the Parties to craft a class definition that will "identify the universe of current and former Coast Guardsmen", Jan. 30 Hearing Tr. at 14:16-17, "who fit the profile [the Court] outlined" and who should be provided notice that they have "potential claims for relief consistent with" the Court's January 23 Order, *id.* at 15:9-15. Consistent with the Court's directive, Plaintiffs propose to define the class, for notification purposes, as consisting of all Coast Guard members who:

1. Failed to take or refused to be administered the COVID vaccine;
2. Submitted a religious accommodation request in response to the Mandate;
3. That was not granted (*i.e.*, denied or not granted through inaction); and

5

4. Were separated from service and/or at any point during or after the Mandate suffered adverse action resulting in pecuniary loss recoverable under the Tucker Act by virtue of a money-mandating act.[1]

Plaintiffs' proposed definition tracks the Court's language nearly verbatim. This definition also reflects Plaintiffs' counsel's to craft language, in accordance with the Court's instruction, that will include members who were not discharged, but who may have some claim for relief in this Court because they suffered "some adverse personnel action that was taken or not taken as a result of and in connection with the denial of the religious accommodation requests." *Id.* at 27:3-6.

The Coast Guard's submission states that the Coast Guard has identified 1,351 Coast Guard members who submitted a religious accommodation request that was not granted. Because this list has already been compiled, Plaintiffs respectfully submit that the Coast Guard should immediately (*i.e.*, by close of business on February 14, 2025) provide a copy of this list to the Court and to Plaintiffs' counsel.

**Plaintiffs' Proposed Notice**

> ### *Plaintiffs Proposed Notice ICO HARKINS v. USA, 23-cv-1238*
>
> The Coast Guard has identified you as being potentially affected by the Court's ruling in *Harkins v. United States*, 23-cv-1238, (Jan. 23, 2025), brought by attorneys Dale Saran, Brandon Johnson, Barry Steinberg, and J. Andrew Meyer of Military Backpay, LLC, on behalf of members of the U.S. Coast Guard. A copy of the decision is available at https://militarybackpay.com/resources/.

---

[1] For most practical purposes, the money-mandate is the Military Pay Act and the likely adverse action was discharge, or being dropped from active orders. However, there are a number of Coast Guardsmen who had been selected by promotion boards, were on promotion lists awaiting promotion date by lineal order or precedence, and were removed from them as a result of not being vaccinated, in many cases even with an RAR pending. Additionally, some were removed from positions where they were entitled to special pays, e.g., unvaccinated Coast Guard pilots were removed from flight duties and lost their entitlement to flight pay or other specialty pay.

If you were a member of the Coast during the Covid-19 Vaccine Mandate who meet the following criteria, you <u>may</u> – MAY – be entitled to correction of your records and/or compensation:

[1] You refused the Covid-19 vaccine / are or were unvaccinated;
[2] You submitted a religious accommodation request;
[3] That request was not granted (*i.e.*, denied or not granted through inaction); and
[4] You were subject to any adverse administrative action

**Meeting the above criteria *does not necessarily* entitle you to compensation!**

To be eligible for monetary relief, you will ALSO have to show that any adverse action resulted in a monetary loss. This can include (for example): discharge from the service resulting in loss of pay, removal from a position that entitled you to any special pays, removal of your name from a promotion list after being selected, or a denial of a required school or other milestone necessary for promotion.

IF YOU HAVE QUESTIONS PLEASE DO NOT CONTACT THE COURT.

For more information you may contact – if you desire – the attorneys who filed the case for a NO-COST consultation regarding your rights and possible entitlement to compensation through www.militarybackpay.com Tel: (833) 479-3932 OR you may hire your own attorney to help you with evaluating your rights [OR USCG website link].

In light of the fact that the Parties appear to agree on a joint form of notice and the fact that the Coast Guard has already identified all 1,351 members of the class for notice purpose, Plaintiffs respectfully request that: (1) the Court approve this joint form of notice; and (2) direct the Coast Guard to provide this notice to all 1,351 members, by February 20, 2025, by certified mail, return receipt requested, to the members' address of record (or last known address of record for those who have separated and have not been reinstated) and by email.

**Plaintiffs' Proposed Remand Procedures**

With regard to remand procedures, the Plaintiffs find Defendant's proposed procedures, *supra,* acceptable. but wish to raise two overarching concerns as to the

standards of review of their religious accommodations, one legal, one factual, that make remand impractical, if not impossible.

First, it seems impossible that the Coast Guard can conduct the individualized assessment required by the Religious Freedom Restoration Act ("RFRA"). Remand would require the Coast Guard to perform a hypothetical, retrospective balancing of the Plaintiff's religious beliefs against the Coast Guard's "interest" in enforcing 100% compliance with its COVID-19 Mandate where the Coast Guard had no licensed vaccine. The Court's ruling on the issue of Plaintiffs' 10 U.S.C. §1107a claim means that there is no "compelling governmental interest" in a servicemember being forced to take an unlicensed vaccine against which each individual member's religious freedom rights can be balanced. Moreover, President Trump, in his role as Commander-in-Chief, has made findings that amount to an admission of liability on the RFRA claims:

> Section 1. The vaccine mandate was an ***unfair, overbroad, and completely unnecessary burden*** on our service members. Further, the military **unjustly discharged** those who refused the vaccine, regardless of the years of service given to our Nation, **after failing to grant many of them an exemption that they should have received**. Federal Government redress of any wrongful dismissals is overdue.

Exec. Order No. 14184, *Reinstating Service Members Discharged under the Military's COVID-19 Vaccination Mandate* , Sec. 1, 90 FR 8,761, 8,761 (Jan. 27, 2025) (emphasis added).

Second, even assuming away the first problem, the administrative machinery that was put in place to adjudicate Plaintiffs' religious accommodations—the religious review team procedure established solely for the purposes of the COVID mandate—was disbanded following rescission and thus no longer exists. How will the Coast Guard (from the top) re-adjudicate the members' rights and the specific application to each Plaintiff's

8

individual circumstances against the Command's interests in mission accomplishment where: (1) the mandate has been rescinded by Congress; (2) there is no requirement from which to seek exemption; and (3) the Plaintiffs are no longer in the Coast Guard. Moreover, the President has made a categorical finding that service members like Plaintiffs "should have received" an exemption and were "unjustly discharged" as a result of the unlawful denial of their exemption requests. *Id*. Does the Coast Guard have to individually re-adjudicate 1,000 or more requests based on the pretense that "everything" is as it was at the time Plaintiffs were in their respective commands? It is not clear to counsel how this "harmless error" style analysis can be fairly applied to the Plaintiffs' circumstances or how, even in theory, the individualized assessment required by RFRA can be performed retrospectively.

**Plaintiffs' Response to Defendants' Proposed Deviations from the Court's Directives Regarding Class Definition and Notice.**

The Court's findings make clear that (a) the Coast Guard had no licensed vaccine to give the Plaintiffs under its vaccine mandate, yet it punished the Plaintiffs when they pointed this out, thus the Court requires the Coast Guard ("at a minimum") remove any negative paperwork that it gave the Plaintiffs as a consequence, ECF 36; and (b) Coast Guardsman, like the Plaintiffs, filed for a religious accommodation from the unlicensed vaccine mandate and the Coast Guard, by way of response, conducted a "sham" Religious Accommodation process in violation of all applicable regulations, statutes, and the U.S. Constitution's right to free exercise.

As discussed above, the Court directed the Parties to confer to craft a notice to provide to the "universe" of current and former Coast Guard members who may have a claim for relief. The Defendant responded as follows:

> The Coast Guard has identified 1,351 individuals who submitted a religious accommodation request that was not granted. Of those 1,351 individuals, 173 individuals were granted an administrative exemption to the vaccination requirement. Of the remaining 1,178 individuals who did not have an exemption to the vaccination requirement granted, 274 individuals were removed from service (voluntarily or involuntarily) as a result of their vaccination status. Finally, the remaining 904 individuals remained in service despite having received no exemption to the vaccination requirement.

Defendant's Position, *supra*.

Plaintiffs' position is simple: all 1351 Coast Guardsmen should be notified of the possibility that they have a claim as a result of this Court's ruling as per the Plaintiffs' proposed notice below. The Defendant's position is an attempt to pick-off and winnow down members it knows have a valid claim, which is not in keeping with this Court's order, nor the Executive Order that Defendant previously sought a stay to enact. For example, the Defendant cuts out 173 members who were granted an "administrative exemption" from the Mandate after their RAR was improperly denied. What the Defendant conspicuously omits telling the Court is that the only administrative exemption available was for those on terminal leave. *See* Att. 1, AR 574, COMDTINST M6230.4G, Administrative Exemption codes. In other words, the Defendant tries to exclude those who had no choice but to get out after they were denied a religious accommodation and then "granted" an administrative exemption conditioned on leaving in lieu of facing illegal punishment for an illicit order.

Similarly, the Defendant seeks to omit anyone from the 904 who were denied a fair religious accommodation process but, unlike the named Plaintiffs, managed to stay on active duty after the Mandate's rescission. The Coast Guard instead claims that it would be an insuperable burden to "parse through... individual records," but this is patently false. First, providing notice does not require thew Coast Guard to "parse" any of the

10

putative class members' claims. Second, Plaintiffs' proposed notice clearly delineates that there is only a *possibility* that any member receiving notice will have a claim and provides no "false hope" to anyone receiving such notice. Third, RCFC 23 is an opt-in class rule: class members will have to contact either their own counsel, or the Plaintiffs' counsel in this case in order receive individual analysis of their situation and have a determination of whether or not they have a Military Pay Act claim as a result of the Court's ruling. This puts the insuperable "burden" on Plaintiffs' counsel, which we willingly accepted and sought when we filed a class action complaint on behalf of these Plaintiffs. *See* ECF 17.

Fundamental fairness requires that everyone who has a *possible* claim is notified and has an opportunity to opt-in if they so desire. The Defendant's position turns this principle on its head and attempts to keep out members that it openly acknowledges have valid backpay or other Military Pay Act claims as a result of this Court's ruling. The Defendant's position is more foot-dragging and should be wholly disregarded.

Dated: February 13, 2025                                Respectfully submitted,

| | |
|---|---|
| */s/ Dale Saran* | BRETT A. SHUMATE |
| Dale Saran, Esq. | Acting Assistant Attorney General |
| 19744 W. 116th Terr. | |
| Olathe, KS 66061 | PATRICIA M. McCARTHY |
| Tel. (401) 321-0289 | Director |
| E-mail: dale.saran@militarybackpay.com | |
| | s/ William J. Grimaldi |
| */s/ Barry Steinberg* | WILLIAM J. GRIMALDI |
| Barry Steinberg, Esq. | Assistant Director |
| Kutak Rock LLP | |
| 1625 Eye Street, NW, Suite 800 | s/ Kyle S. Beckrich |
| Washington, DC 20006-4099 | KYLE S. BECKRICH |
| Tel. (202) 828-2316 | Trial Attorney |
| barry.steinberg@kutakrock.com | Commercial Litigation Branch |
| | Civil Division |
| */s/ Brandon Johnson* | U.S. Department of Justice |
| Brandon Johnson, Esq. | P.O. Box 480 |
| 8380 Bay Pines Blvd., | Ben Franklin Station |
| St. Petersburg, FL 33709 | Washington, D.C. 20044 |

| | |
|---|---|
| Tel. (727) 709-7668<br>Email:<br>brandon.johnson@militarybackpay.com | Tel: (202) 616-9322<br>Fax: (202) 305-7644<br>Kyle.Beckrich@usdoj.gov |

*/s/ J. Andrew Meyer*
J. Andrew Meyer, Esq.
FINN LAW GROUP, P.A.
8380 Bay Pines Blvd.,
St. Petersburg, FL 33709
Tel. (727) 709-7668
Email: a.meyer@militarybackpay.com

| | |
|---|---|
| *Attorneys for Plaintiffs* | Attorneys for Defendant |