IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **CHRISTOPHER HARKINS, et al**, Plaintiffs, v. **THE UNITED STATES**, Defendant. | Case No. 1:23-cv-1238<br>Hon. Armando Bonilla |

### DECLARATION OF DALE SARAN IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

Pursuant to 28 U.S.C. §1746, I declare as follows:

1. My name is Dale Saran and I am over the age of 18 years;

2. I am an attorney duly admitted to practice in Maine (inactive), Massachusetts (active), Rhode Island (inactive), and Arizona (active). I was first admitted in Maine in 1999, Massachusetts in 2002, Rhode Island in 2003, and Arizona in 2021. I am also admitted to the federal district courts in Massachusetts, Colorado, Maine, and the Court of Federal Claims. I am in good standing in all jurisdictions and with all courts where I am admitted to practice.

3. I submit this declaration in support of the Plaintiffs Motion for Class Certification. The facts stated are true and based upon personal knowledge. If called to testify to these facts, I could and would do so competently.

4. I am in private practice and have been retained by the 6 (six) named Coast Guard Plaintiffs, as well as an additional 160+ Coast Guard plaintiffs to represent them on these claims.

5. I have over 20 years of litigation experience as an attorney in civil, criminal, and administrative/regulatory matters. I served as an active duty and Reserve military judge advocate, including as an instructor at the Naval Justice School teaching new Navy, Marine Corps, and Coast Guard judge advocates and paralegals, as well as senior officers at the Naval War College. I was the general counsel for CrossFit, Inc., for 8.5 years. I litigated or managed other firms in 58 separate cases in various jurisdictions around the world, including *inter alia* the EU, Finland, South Africa, and India. I also established the self-insurance vehicle for CrossFit Affiliate gyms in the United States, the CrossFit Risk Retention Group, under the federal Risk Retention Act. The CrossFit RRG was, while I was on its Board of Directors, the largest insurer of gyms (by number) than any other in the country.

6. I was among the earliest judge advocates to defend Navy and Marine Corps servicemembers facing criminal charges for challenging the DoD's anthrax vaccine immunization program in 1999. *See* Ponder v. Stone, 54 M.J. 613 (NMCCA 2000); U.S. v. Stonewall, 54 M.J. 412 (CAAF 2001). One of those clients also testified before Congress. *See* "The Anthrax Vaccine Immunization Program: What Have We Learned?" Hearings Before the House Committee on Government Reform, Oct. 3 and 11, 2001, Serial No. 106-249.

7. I worked on parts of the *Doe v. Rumsfeld* series of class action cases in the federal courts that challenged the legality of the DoD's and FDA's actions to forcibly inoculate servicemembers with an unlicensed product. *See John Doe #1*

2

*v. Rumsfeld*, 297 F.Supp.2d 119, 135 (D.D.C. 2003); *John Doe #1 v Rumsfeld*, 341 F. Supp. 2d 1, 19 (D.D.C. 2004), *modified sub nom.* 2005 WL 774857 (D.D.C. 2005); *John Doe #1 v. Rumsfeld,* 501 F. Supp. 2d 186 (D.D.C. 2007) (EAJA Opinion finding for Plaintiffs that the government's arguments were "not substantially justified" and awarding plaintiffs their attorney's fees.)

8. I represented one of the original Air Force officers who challenged the legality of the anthrax vaccine program in his petition before the Air Force Board for Correction of Military Records and on appeal. *See Rempfer v. U.S. Dep't of Air Force Bd. for Corr. of Military Records*, 538 F. Supp. 2d 200 (D.D.C. 2008).

9. I retired as a Major in the Marine Corps Reserve after serving as the Regional Defense Counsel for the Western Pacific and Eastern Regions. I was one of the founding members of the Defense Service Organization (DSO), the first independent defense bar established in the Marine Corps. I was hand selected by the Chief Defense Counsel of the Marine Corps to serve as one of the instructors for the all-service training for military defense counsel assigned to defend Guantanamo Bay detainees. I have defended military servicemembers on war crimes charges in the United States and in Iraq. *See U.S. v. Cpl Trent Thomas, USMC* (NMCCA 200800327) (Unpub. Op.); *U.S. v. Capt Carl Bjork, U.S. Army* (No case cite available as the defendant was eventually acquitted of all charges).

10. In 2020, I published a book regarding the historical antecedents to the anthrax vaccine program and the DoD's policies around informed consent

laws. *See* Dale F. Saran, "*United States v. Members of the Armed Forces*," (2d ed., 2020).

11. I was the lead trial counsel in the first case challenging the legality of the DoD's Covid-19 vaccine mandate. *Robert et al. v. Austin, et al*, 1:21-cv-2228-RM-STV (D. Co.). I was lead counsel in a declaratory judgment action against the same mandate in *Wilson, et al v. Austin, et al*, 4:22-cv-438-ALM (N.D. Tx) (dismissed as moot after rescission of the Mandate), as well as in case on behalf of Coast Guardsmen to enjoin the Mandate because of its violations of both RFRA and the informed consent statute at issue in this case. *See  Bazzrea v. United States*, 3:22-cv-265 (S.D. Tx)(dismissed as moot after rescission of the Mandate).

12. I have been consulted on other cases in federal courts regarding the current vaccine mandates, and have been retained by individuals and groups seeking legal guidance regarding potential future government vaccine mandates, including Allied Pilots Association – the union that represents American Airlines pilots – as well as individual airline pilots who were fired for not taking the EUA vaccine.

13. If this Court grants Plaintiffs' Motion for Class Certification, I will continue to vigorously represent the interests of the named Plaintiffs and the proposed Classes and any Sub-Classes.

14. In this case, my co-counsel and I have been contacted by 204 individuals, as of the date of this declaration, seeking advice and potential representation regarding the negative repercussions they have suffered by virtue

4

of the Coast Guard's now rescinded COVID-19 mandate. From the information we maintain regarding these individuals, at least 30 have indicated they did not submit a religious accommodation request. Of these 30 individuals, 5 indicated they separated in order to avoid some adverse consequence stemming from their failure to comply with the COVID-19 mandate, and thus would likely fall within the "Voluntary Separated Subclass." Lacking any information from the Coast Guard regarding the identity of the 1,352 members that the Coast Guard has asserted submitted RARs, I cannot completely confirm that these former Coast Guard members do not overlap in any way with the existing RAR members… but it is also clear that there exist some Coast Guard members - outside of the 1352 currently noticed - who were involuntarily discharged for their vaccination status and who have not been offered relief for their injuries.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of July, 2025,

                                         */s/ Dale Saran*
                                         Dale Saran, Esq.