IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHRISTOPHER HARKINS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 23-1238 |
| v. | ) | (Judge Bonilla) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S STATUS REPORT AND MOTION FOR EXTENSION OF TIME**

The United States, defendant, respectfully submits this status report, pursuant to this Court's March 13, 2025, remand order (ECF 57), as amended (ECF 92), to apprise the Court of the current state of the remand proceedings. The United States also respectfully requests, under Rules 6 and 52.2(c) of the Rules of the United States Court of Federal Claims, that the Court extend the remand period for 30 more days, until April 8, 2026, to enable the Government to implement the decisions reached on remand. The current deadline to complete remand proceedings is March 9, 2026. *See* Order (ECF 92). Undersigned counsel has discussed this request with plaintiffs' counsel, who has represented that this request will not be opposed.

In its remand order, the Court has required the United States ultimately to provide a "final report providing a high-level summary of the ultimate conclusions reached and actions taken during the remand[.]" *See* Order at 5 (ECF 57). While the United States does not contend that this final report can be generated in accordance with the order at this time, we offer the following high-level overview of the process at this juncture. At a high-level, the Coast Guard has reached a decision on the group application at issue in this case, which provided relief to many of the applicants, and it is working to implement that decision presently. In implementing this decision, the Coast Guard is also working with counsel for plaintiff to determine whether other

issues exist regarding the relief provided with the intention of attempting to resolve these other issues without the need to further judicial intervention.

Regarding the specific need for the present extension request, the United States requires additional time to complete remand proceedings, including implementation, in an orderly fashion and in coordination with plaintiff's counsel. On February 12, 2026, the Coast Guard Board of Corrections for Military Records rendered its Final Decision on the group application of 59 Coast Guard service members who returned to active duty military service and granted relief to 56 members.[1] On February 27, 2026, plaintiffs' counsel provided the Coast Guard with a list of their clients. The 56 members covered by the group application included plaintiffs Shane Nolan and Mark Byrd as well as 24 other members who are clients of plaintiffs' counsel. The BCMR ordered the Coast Guard to correct each member's record to reinstate them to active Coast Guard service upon their separation date, remove their COVID vaccine-related discharge from their record, and have the effect of creating a period of continuous and unbroken Coast Guard service between their "Separation Date" and "Date Rehired" in an Attachment to the Final Decision. The Coast Guard has contacted each member, copying plaintiffs' counsel when appropriate, to request civilian earnings during the period of constructive service to determine the amount of backpay that may be owed to each member. Plaintiffs' counsel has expressed a desire to work with the Coast Guard to resolve any issues concerning monetary remedies resulting from the BCMR's Final Decision. But the provision of civilian earnings information, completion of proposed backpay calculations, and discussions with plaintiffs' counsel cannot be completed before March 9, 2026.

---

[1] One member had already received relief based on an individual application he had submitted earlier in 2025; one member was determined to have no interruption in service; and one member chose not to have his case considered with the group when contacted by the BCMR.

The Coast Guard also continues to coordinate other BCMR applications with the remand process. Since the group application was submitted, ten additional members who were separated from the Coast Guard based on their COVID-19 vaccination status have returned to active duty[2] and the Coast Guard anticipates an application being submitted on their behalf soon. One of those members submitted a claim in the remand process. Two members who submitted claims in the remand process returned to service in the reserves rather than active duty and an application has been submitted to the BCMR to determine what relief is appropriate for their situation. In total, the Coast Guard is also processing an additional 16 individual BCMR applications, none of which submitted a claim in the remand process other than the two members listed above who are now serving in the reserves.

For these reasons, we respectfully request that this Court extend the remand period by 30 days until April 8, 2026.

[2] These members returned to service between October 7, 2025, and January 20, 2026.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

WILLIAM J. GRIMALDI
Assistant Director

s/Vincent D. Phillips, Jr.
VINCENT D. PHILLIPS, JR.
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
P.O. Box 480
Ben Franklin Station
U.S. Department of Justice
Washington, DC 20005
Telephone: (202) 305-4591
Email: Vincent.Phillips2@usdoj.gov

March 9, 2026

Attorneys for Defendant