Outlook

## Re: CGBCMR Group Petition Results

**From** Dale Saran <dale.saran@militarybackpay.com>
**Date** Fri 6/26/2026 2:36 PM
**To** Phillips, Vincent (CIV) <Vincent.Phillips2@usdoj.gov>; Judge, Brian M CIV (USA) <Brian.Judge@uscg.mil>
**Cc** Brandon Johnson <brandon.johnson@militarybackpay.com>; Andy Meyer <a.meyer@militarybackpay.com>; Steinberg, Barry P. <barry.steinberg@kutakrock.com>
**Bcc** Rachel Saran <rachel.saran@militarybackpay.com>; Anthony Del Rosso <anthony@dature.com>

Gents,

One follow-up, just to put this in one place, with regard to the named plaintiffs:

- Harkins - (submitted to PPC 3/30); any kind of document explaining what he's supposed to get and why so we can engage with it and get this done.
- Powers - (submitted to PPC 4/30); we still have no explanation for why his constructive service ends when he gets rehired as a civilian. We might agree if we had some explanation as to why, but it also raises question about SEP pay because he was involuntarily discharged and more than meets §1174's requirements. Still nothing.
- Byrd - (submitted to PPC 4/17) I believe he's retired by now (this month), with no fix in the interim even after Reinstating several years ago.
- Nolan - (submitted to PPC 4/30) Just needs his DOR updated back to when he was originally pinned/selected. He's about to retire and holding off until it gets fixed.
- We've discussed Gutierrez and how he can't reinstate because of his bad paper;
- Musgrave isn't coming back in, but it's our view that the voluntary/involuntary distinction collapses under the new guidance and he should (at least) be able to submit a petition to CGBCMR.

The other ~20 or so who were on the Group petition with a few exceptions have all submitted packages to PPC (as per the spreadsheet) on the dates listed.

R/S

Dale

---

**From:** Dale Saran <dale.saran@militarybackpay.com>
**Sent:** Thursday, June 25, 2026 3:05 PM
**To:** Phillips, Vincent (CIV) <Vincent.Phillips2@usdoj.gov>; Judge, Brian M CIV (USA) <Brian.Judge@uscg.mil>
**Cc:** Brandon Johnson <brandon.johnson@militarybackpay.com>; Andy Meyer <a.meyer@militarybackpay.com>; Steinberg, Barry P. <barry.steinberg@kutakrock.com>
**Subject:** Re: CGBCMR Group Petition Results

Vince, Brian -

- Attached is our updated client list (in XLSX), with some additional information columns that we thought might help the Court in relation to the upcoming status conference.
  - By my count, this spreadsheet has an additional 9 new names from the list we provided on Feb. 23, 2026.

I take a moment to highlight the Judge's very clear statement during the conference two days ago that his previous ruling was that *Reinstatement was not a prerequisite for relief*.

- In light of that, and given that we've asked at least half a dozen times going back two lawyers prior to you shortly after the Judge 's March 2025 Remand Order (see attached emails) about "the other plaintiffs" and what was to be done for them, it seems that whatever informal process the judge envisioned isn't happening for our folks.
  - I noted, even if Judge Bonilla didn't quite pick up on it, that you did not address anyone outside of the 59 members on the Group BCMR, more than 30 of which aren't our clients at all.
  - This ignores the rest of the plaintiffs that were the subject of the Judge's Remand Order (ECF 57) - the ones we've been begging to get some "informal process" in place for.
- The Coast Guard's Settlement in *Jackson v. Mullin* (also attached) was not part of the May 2025 Status report, but we wound up with a copy of it. It appears that the requisite ALCOAST (126/26) implementing MOST of the terms of the stipulated settlement and a follow-up have been published, but they ONLY refer to Reinstatement under the EO and provide no other information...
- I could not find the required implementing DHS Memo with this language in Paragraph 8:

> Specifically, the memorandum will state that the vaccination mandate was unlawful as implemented and an unfair, overbroad, and completely unnecessary burden on service members. The memorandum will also direct the Board of Correction of Military Records of the Coast Guard to exercise broad discretion in providing appropriate corrections to the records of service members and former service members who suffered harms resulting from the COVID-19 vaccine requirement.

- Before I go bother my friends at the Thomas More Society, I wonder if I could just get a straight answer from Coast Guard counsel Mr. Judge on whether or not he believes the Coast Guard is bound by its terms, and more specifically, whether it applies to our clients?
  - Because it appears to my reading that this says that "former members" would mean those who have not reinstated are entitled to relief AND
  - if the Mandate was unlawful as implemented then RAR is also irrelevant and it appears to me that so is any "voluntary" or "involuntary" distinction
  - This is also reinforced by my familiarity with the May 7, 2025 SecWar Guidance, which the Settlement Agreement also requires DHS' Memo to mirror

So, same questions as every other time:

1. Will the CG ever commit something to writing, some piece of paper regarding the specific relief offered to any particular individual with which we can at least engage and advise the client, something we at least can respond to? Like a short proposed records correction, even if it was just proposed data for a plaintiff's new DD-214 by Block # in an Excel sheet?;
2. Ditto for some comparable document for proposed payments, as I've indicated previously, some analog to the DFAS-DE Form 0 and -190. Something again we can at least look at and advise if it is an adequate accounting of the constructive service?
3. Do we do this on any kind of controlled timeline or just... whenever?

4. Or do our folks just get what they get because you guys are infallible on entitlements and can just pay them directly without us and we just watch?

This is why we want a Remand Order like in Bassen under 52.2 - also attached, just for Mr. Judge's familiarity, and what the 52.2 Notice looks like on an issue that will almost certainly come up in this case: tax gross-ups on lump-sum payments and/or BAH entitlement. That Remand Order is also being modified to be a little clearer in distinguishing between what's "stayed" relevant to other processes.

Dale Saran
Counsel for Plaintiffs

---

**From:** Phillips, Vincent (CIV) <Vincent.Phillips2@usdoj.gov>
**Sent:** Tuesday, June 23, 2026 3:41 PM
**To:** Dale Saran <dale.saran@militarybackpay.com>
**Cc:** Judge, Brian M CIV (USA) <brian.judge@uscg.mil>
**Subject:** RE: CGBCMR Group Petition Results

Dale,
Could you provide the below list, or any updated list you develop, in Excel format.

Thanks,
Vince

---

**From:** Dale Saran <dale.saran@militarybackpay.com>
**Sent:** Thursday, February 26, 2026 12:53 AM
**To:** Phillips, Vincent (CIV) <Vincent.Phillips2@usdoj.gov>
**Cc:** Judge, Brian M CIV (USA) <brian.judge@uscg.mil>
**Subject:** [EXTERNAL] CGBCMR Group Petition Results

Gentlemen,

1. The CG BCMR Group Relief Petition for the Reinstated 56 (out of 274 involuntarily discharged ) who reinstated in the Coast Guard has now been completed and *several* of our clients - not just the two named plaintiffs Shane Nolan and Mark Byrd - but many others have begun hearing from PSC about relief and seeking documents to assist in calculating the amount of relief.

> As one of your status reports noted, there is no small amount of overlap between those who are Reinstated and who also answered the notice for this case. See, e.g., ECF 79 ("This group application is comprised of 59 different servicemembers and includes plaintiffs Shane Nolan and Mark Byrd as well as 13 of the 44 individuals who responded to the notice sent out by the Coast Guard in accordance with the Court's remand order. Since the filing of the July 18, 2025 status report, the Coast Guard has submitted the 59-member group application and completed the advisory opinion to the BCMR. The board continues to process this application. In addition to the group application, the BCMR is in the process of considering 15 additional individual applications.")

2. We still haven't had a chance to see what specific relief each of our clients - who number some portion of that group - are going to get, in order to potentially object to the Court.

- We've also never seen a copy of the secret Group Petition with our clients' names on it, nor the Advisory Opinions, as is our clients' legal right, and has previously been promised by you, Brian, on multiple occasions, including telling me I didn't need to submit the Privacy Act request that I was ready to file. We want that, please, before we have to ask the judge.

- I am attaching our client list of 210 Coast Guardsmen who we intend to move to join to this case. You can think of these people as being 210 who are responding to the Notice (per ECF 57) through Counsel - minus those who have Reinstated. We hope the information should be enough to easily identify any of our people who were on the CGBCMR Petition.

- As we do not have any visibility on the names on the CG BCMR petition, I am doing this so that you can check the names of our clients against the 56 (according to the final board report copy we have seen), and

- Please ensure that PSC knows to coordinate, or you can be our POC, with us for all documents necessary to calculate any offsets, and then,

- After the calculation has been completed, provide us with whatever the DHS/PSC equivalent is to the DFAS DE 0-110 Records Correction Computation Estimate and associated DFAS Form 67, Pay Voucher Estimate is so that we have an appropriate opportunity to object to the relief offered before Judge Bonilla under Rule 52.2. I feel confident there may be some dispute as to amounts owed in some particular cases.

If any of this is unclear, please let's discuss at your earliest convenience.

Thank you,

Dale
**Dale Saran**
Managing Attorney
dale.saran@militarybackpay.com

MILITARY BACK«PAY

NOTICE OF CONFIDENTIALITY: This communication and any attachments contain proprietary and confidential information belonging exclusively to the sender. This material is privileged and intended solely for the named recipient. If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, distribution, or action taken in reliance on the contents of this transmission is strictly prohibited. If you have received this transmission in error, please delete the email and inform us immediately at team@militarybackpay.com